IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal No. 14-178 |
| | ) Judge Nora Barry Fischer |
| TELANO WHITE, | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Presently before the Court are Defendant Telano White's Motion to Petition the Courts for Compassionate Release and/or Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) or 18 U.S.C. § 4205(g), (Docket No. 508), his Motion to Amend Affidavit to Compassionate Release Motion, (Docket No. 510), which the Court construes as a Supplement, and the Government's Response in Opposition, (Docket No. 511). Defendant also separately moves for appointment of counsel. (Docket No. 512). However, his request for compassionate release has been reviewed by the Office of the Federal Public Defender for this District pursuant to the Administrative Order issued at 2:20-mc-629, which declined to make a counseled filing on his behalf. (Docket No. 509). After careful consideration of the parties' positions and for the following reasons, Defendant's Motions seeking compassionate release [508], [510] are denied and his motion for appointment of counsel [512] is denied, as moot.

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18

1

U.S.C. § 3582.  *See United States v. Pawlowski*, --- F.3d ----, 2020 WL 4281503, at *2 (3d Cir. Jun. 26, 2020).  Pursuant to that provision, a court may modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

> In addition, the reviewing court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Burrus,* Crim. No. 19-284, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (citing *Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) and 18 U.S.C. § 3582(c)(1)(A)(i)).

At the outset, the Government does not contest that Defendant has sufficiently exhausted administrative remedies as it does not challenge the assertions that he made a request to the Warden at FMC Lexington where he is currently housed and the same was denied 30 days prior to his seeking relief from the Court.  (Docket No. 511 at ¶ 9).  However, the Government opposes the remaining factors and his request for compassionate release. (Docket No. 511).  Hence, it is Defendant's burden to show: "extraordinary and compelling reasons" justifying such reduction, 18 U.S.C. § 3582(c)(1)(A)(i); that the section 3553(a) factors support the requested reduction; and "whether such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Burrus*, 2020 WL 3799753, at *4 (citation omitted).

In this Court's estimation, Defendant has not sufficiently demonstrated that the Court should exercise its discretion to grant him compassionate release based on the general risks posed by the COVID-19 pandemic and/or his post-offense rehabilitation efforts.  *See id.*  On the former point, the Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify

compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 161 (3d Cir. 2020) ("the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). As the Government notes in its Response, the BOP reports that FMC Lexington currently has 7 COVID-19 cases among the inmate population; none among its staff; and Defendant has presented no evidence indicating that he has tested positive for COVID-19 or experienced any medical complications resulting from same. (*See* Docket No. 511). Further, a sentence reduction in Defendant's case would be inconsistent with the policy statements issued by the Sentencing Commission since he is 37 years old and does not have any chronic physical health conditions. (*See* PIR at ¶ 70 ("The defendant advised that he has always enjoyed good health and has not suffered from any chronic illnesses.")). Thus, Defendant is not entitled to compassionate release because he has failed to show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)).

With respect to Defendant's post-offense rehabilitation efforts, the Court concurs with the Government that he should be commended for avoiding misconducts, completing coursework, maintaining family ties and otherwise making the most of his time incarcerated. However, such efforts by themselves do not constitute "extraordinary and compelling reasons" to grant an inmate compassionate release under the statute and otherwise do not tilt the Court's weighing of the

section 3553(a) factors to justify reducing the current 120 month term of incarceration he is serving to time served.  *See Pawlowski*, 2020 WL 42815103, at *2.  Indeed, Defendant's sentence resulted from the Court's acceptance of the parties' Rule 11(c)(1)(C) plea agreement for 120 months which represented a 48-month downward variance from the low end of the advisory guidelines range of 168-210 months.  The Court found that such sentence was sufficient, but not greater than necessary, to meet all of the goals of sentencing in Defendant's case.  *See* 18 U.S.C. § 3553(a)(1).  Having once again considered all of the section 3553(a) factors, the Court must conclude that no further reductions are warranted given: the gravity of Defendant's criminal conduct whereby he led an interstate oxycodone distribution conspiracy for three years, the majority of which occurred while he was serving a state sentence in Michigan for a firearms conviction; his extensive criminal history, as is outlined in the Presentence Investigation Report; the need to deter Defendant from engaging in further criminal activity; and, the need to promote respect for the law and provide just punishment for the offense.  *See Pawlowski*, 2020 WL 42815103, at *2.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motions seeking compassionate release [508], [510] are DENIED; and,

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel [512] is DENIED, as moot, the matter having been reviewed by the Office of the Federal Public Defender which declined to file a counseled petition on his behalf.  *See* Misc. No. 2:20-mc-629, Administrative Order (W.D. Pa. Apr. 27, 2020).

> *s/Nora Barry Fischer*
> Nora Barry Fischer
> Senior U.S. District

Date:   July 29, 2020

cc/ecf:  all counsel of record.

Telano White
BOP # 35325-068
FMC Lexington
P.O. Box 14500
Lexington, KY 40512
(via first class mail)